UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:15-CV-14296-ROSENBERG/LYNCH

LAURIE KIE, JONATHAN RUSSO
& SINAE CRUZ, individually, and on
behalf of others similarly situated,

    Plaintiffs,

v.

IVOX SOLUTIONS, LLC, a Florida limited liability
company,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION

This matter is before the Court on Plaintiffs' Motion for Conditional Certification of Collective Action [DE 24]. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted.

Plaintiffs seek a conditional certification of a collective action under the Fair Labor Standards Act. *See* 29 USC § 216(b). Because Plaintiffs seek only a *conditional* certification, the standard applicable to Plaintiffs' Motion is quite lenient. *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001). At this stage of proceedings, the Court must determine whether, based upon pleadings and affidavits, notice should be given to potential class members:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.

*Id.* at 1218.  The Court's evaluation of a plaintiff's pleadings and proffered affidavits is, as mentioned above, lenient:

> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

*Id.*  In the event the Court grants conditional certification, a defendant may move at a later time (after discovery) to decertify the class. *Id.*  At the conditional certification stage, the Court need not determine whether the plaintiff and opt-in plaintiffs are similarly situated—that determination is left to a later time after discovery develops sufficient facts.

Here, Plaintiffs have proffered ample evidence in the form of affidavits in support of their claims.  Plaintiffs have filed five affidavits that attest to the fact that each affiant was an employee of Defendant who received inadequate compensation.  More specifically, Plaintiffs attest that they received inadequate compensation by virtue of the policies and practices of Defendant pertaining to call-center employee duties prior to clocking in, after clocking out, and during unpaid lunch breaks.  Essentially, Plaintiffs attest that they were required to work during the aforementioned periods without pay.  Plaintiffs seek a conditional certification for a collective action of all call-center and sales-agent employees of Defendant who are similarly situated and who worked for Defendant during the past three years.  Upon review, the Court concludes that these affidavits, particularly under the lenient standard which the Court is bound to apply at this stage of proceedings, are sufficient for a conditional certification of a collective action.

In response, Defendant has provided a single, generalized affidavit by its Chief Executive Officer.  That affidavit states that different call-center employees are assigned to different call

campaigns and, based upon that assignment, the duties and time-keeping procedures of each employee may differ.  This specific argument has been rejected by district courts.  *See Garrett v. Sitel Operating Corp.*, No. 10-cv-2900, 2011 U.S. Dist. LEXIS 133846 (W.D. Tenn. Nov. 18, 2011) (preliminary certifying a collective action under the FLSA for call-center employees who alleged improper practices pertaining to work prior to clocking in and work after clocking out, and rejecting defendant's arguments pertaining to different call-center campaign assignments); *Sharpe v. APAC Customer Servs.*, No. 09-cv-329, 2010 U.S. Dist. LEXIS 1671 (W.D. Wis. Jan. 8, 2010) (similarly granting a motion for preliminary certification for call-center employees and rejecting defendant's arguments pertaining to differing call-campaign procedures).

The Court sees no reason to reach a different result in this case.[1]  *See Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1260 (11th Cir. 2008) ("[C]ourts determine whether employees are similarly situated—not whether their positions are identical.").  The standard applicable to Plaintiffs' claims is a lenient one.  This lenient standard "typically results in conditional certification" being granted.  *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006) (citation omitted).  The Court therefore finds that Defendant has failed to rebut Plaintiffs' Motion, grants Plaintiff's motion for conditional certification of a collective action, and defines the conditional class as all current and former hourly customer service or sales representatives who worked for Defendant at any time subsequent to August 14, 2012 (the "Proposed Class").

Defendant is **ORDERED** to identify all potential employees in the Proposed Class and to provide Plaintiffs with a list of the same within fourteen (14) days of the date of rendition of this

---

1 The Court also rejects Defendant's tangential argument that Plaintiffs' claims should be limited to a two-year time period.  This argument goes to the merits of Plaintiffs' claims and whether Defendant's actions in this case amounted to willful violations of the FLSA.  Arguments over the temporal scope of a proposed class are premature at this state of collective action certification.  *See, e.g.*, *Abdul-Rasheed v. Kablelink Communs., LLC*, No. 8:13-cv-879, 2013 U.S. Dist. LEXIS 159632, at *9 (M.D. Fla. Nov. 7, 2013).

Order that includes the full name of the employee and, if known: the employee's address, telephone number, e-mail account, and date(s) and location(s) of employment.  The Court hereby approves of the Notice and Consent attached to Plaintiffs' Motion as Attachment 1 (the "Court-Approved Notice").  The Court grants Plaintiffs' request to authorize opt-in notice as specified in Plaintiffs' Motion, the deadline for opt-in Plaintiffs to file a Consent to Join Lawsuit is April 2, 2016, and Plaintiffs are hereby authorized to mail and e-mail the Court-Approved Notice to the members of the Proposed Class regarding their rights to opt into this collective action by filing a Consent to Join Lawsuit.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 2nd day of February, 2016.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record