UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Pierce Division

| | |
|---|---|
| **LAURIE KIE, JONATHON RUSSO** and **SINAE CRUZ,** individually, and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>**IVOX SOLUTIONS, LLC,** a Florida Limited Liability Company, **ROBERT NEWTON,** an individual, and **CHRISTOPHER STAPLETON**, an individual,<br><br>    Defendants. | **CIVIL ACTION**<br><br>**Case No. 2:15-cv-14296-RLB**<br><br>**Judge: Robin L. Rosenberg**<br><br>**Mag. Judge: Frank J. Lynch, Jr.** |

**PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF
PROPOSED SETTLEMENT, INCENTIVE AWARD, AND
<u>AN AWARD OF ATTORNEYS' FEES AND COSTS</u>**

Plaintiffs respectfully moves this Honorable Court for an Order granting this Unopposed Motion for Approval of Proposed Settlement, Incentive Award, and an Award of Attorneys' Fees and Costs. This motion is based on all the files, records, and proceedings herein, and is supported by the memoranda of law and declaration filed by counsel.

Dated:  August 15, 2016        */s/Bradley W. Butcher*
                                Bradley W. Butcher, Esq.
                                Florida Bar No. 0020045
                                BUTCHER & ASSOCIATES, P.L.
                                6830 Porto Fino Circle, Suite 2
                                Fort Myers, Florida 33912
                                Phone:  (239) 332-1650
                                Fax:  (239) 322-1663
                                Primary:  ecf@b-a-law.com
                                Secondary:  bwb@b-a-law.com

                                *Local Counsel for Plaintiffs*

Jason J. Thompson *(Pending Pro Hac Vice)*
MI Bar No. P47184
Jesse L. Young *(Pending Pro Hac Vice)*
MI Bar No. P72614
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
248-355-0300
jthompson@sommerspc.com
jyoung@sommerspc.com

Timothy J. Becker *(Pending Pro Hac Vice)*
MN Bar No. 256663
Jacob R. Rusch *(Pending Pro Hac Vice)*
MN Bar No. 391892
JOHNSON BECKER, PLLC
33 South Sixth Street, Suite 4530
Minneapolis, Minnesota 55402
612-436-1800
tbecker@johnsonbecker.com
jrusch@johnsonbecker.com

*Trial Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Pierce Division

| | |
|---|---|
| **LAURIE KIE, JONATHON RUSSO** and **SINAE CRUZ,** individually, and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>**IVOX SOLUTIONS, LLC,** a Florida Limited Liability Company, **ROBERT NEWTON,** an individual, and **CHRISTOPHER STAPLETON**, an individual,<br><br>    Defendants. | **CIVIL ACTION**<br><br>**Case No. 2:15-cv-14296-RLB**<br><br>**Judge: Robin L. Rosenberg**<br><br>**Mag. Judge: Frank J. Lynch, Jr.** |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF PROPOSED SETTLEMENT, INCENTIVE AWARD, AND AN AWARD OF ATTORNEYS' FEES AND COSTS**

Plaintiffs Laurie Kie, Jonathon Russo, and Sinae Cruz ("Plaintiffs") submit this memorandum in support of their unopposed motion seeking entry of a final order approving the settlement of this action pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), including an incentive award for the named Plaintiffs, and an award of attorneys' fees and costs. Plaintiffs also request that the Court dismiss, with prejudice, the Plaintiffs' individual claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), and Florida contract law, which were raised in Plaintiffs' Amended Complaint but not certified for class treatment. Defendants do not oppose this motion and have agreed to the terms of the proposed settlement.

**I. PROCEDURAL HISTORY**

On August 14, 2015, Plaintiffs filed their Complaint, individually and on behalf of a purported collective/class, alleging violation of the FLSA and breach of contract. (Doc. #1). On

September 17, 2015, Plaintiffs filed their First Amended Complaint. (Doc. #16). On September 23, 2015, Plaintiffs filed their pre-discovery Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-in Plaintiffs (Doc. #24). Defendants filed their Answer to Plaintiffs' First Amended Complaint on December 4, 2015 (Doc. #49) and the parties concluded their briefing on conditional certification on December 14, 2015. (Doc. #55).

On February 2, 2016, this Court granted Plaintiffs' Motion for Conditional Certification and directed notice to a class of customer service and sales agents who worked for Defendants within the past three years. (Doc. #63). After the notice period concluded (and approximately 100 employees filed consent forms), the parties engaged in extensive discovery, motion practice, an in-person mediation session, and additional settlement discussions before finally agreeing to settle this matter on a collective basis for the FLSA opt-in Plaintiffs. On July 14, 2016, the parties filed a Notice of Settlement (Doc. #96) and the Court entered its Order on July 15, 2016 staying the case and directing the parties to file any settlement approval documents within 30 days. (Doc. #98).

## II.     THE CLAIMS AND DEFENSES

iVox Solutions, LLC ("iVox") is a Florida corporation which employs over 500 customer service representatives to perform services which "include call center functionalities, order fulfillment, and overall logistics solutions" for its clients. *See* Doc. #16, First Amended Complaint at ¶ 28. The Plaintiffs in this case are hourly employees called Customer Service Agents and Sales Agents ("Agents"). *Id*. at ¶ 2. iVox requires all of its Agents to work a full-time schedule, plus overtime. *Id*. at ¶ 3. Their job duties include, among other things, verifying orders, managing customer account information and services, handling other issues and questions presented by customers, and to sell additional products and services to existing customers. *Id*. at ¶ 36.

1. **Preliminary work activities.**

Plaintiffs alleged that, in order to perform their jobs, they were required to boot-up and log into various secure computer programs, software programs, and applications in order to access information and software. Plaintiffs also alleged they were not actually "clocked in" for their shifts until *after* the computer start-up and log-in process was complete and they logged in and, as a result, Plaintiffs worked at least 5 to 10 minutes per shift that they were never compensated for. FAC at ¶ 38.

2. **2015 Break Policy.**

In addition, Plaintiffs alleged there was a period of time from April 2015 to September 2015 where Defendants refused to pay Plaintiffs for any time away from their workstations. During that time period, Plaintiffs alleged that Defendants deducted time from Agents who got up to use the restroom, to discuss work-related issues with supervisors, to re-boot computers that crashed, to get coffee, etc.  In addition, if an Agent's rest break took longer than 15 minutes, iVox deducted any extra time from their pay.

3. **Post-shift activities.**

Lastly, Plaintiffs alleged they were required to log-out of and shut down various programs at the end of each shift, after clocking out for the day, and that the log-out and shutdown process occurred on a daily basis with unpaid time ranging from 1 to 5 minutes per day. FAC at ¶ 49-50.

4. **Defendants Deny the Allegations.**

In response to Plaintiffs' allegations, Defendants denied any wrongdoing and asserted several affirmative defenses including that any preliminary and postliminary time worked by the Agents was not compensable time, and that such time was *de minimis* in any event.

### III. SUMMARY OF THE SETTLEMENT TERMS

After extensive discovery and settlement negotiations, the parties agreed to a settlement in principle on July 14, 2016 to settle the claims of the named and opt-in Plaintiffs under FLSA and for the individual claims of named Plaintiffs Jonathon Russo and Sinae Cruz under ERISA. Specifically, Plaintiffs agreed to settle this action pursuant to the following terms (the "Settlement"):

- Defendants will pay each opt-in Plaintiff an amount equal to 4 minutes per shift at their overtime rate, *plus* an additional 50% for liquidated damages. The aggregate amount for these payments equals **$28,604.68**;

- Defendants will pay each opt-in Plaintiff an amount for an unlawful rest break pay policy in effect from April 2015 until September 2015, *plus* an additional 100% for liquidated damages. The aggregate amount for these payments equals **$18,056.39**;

- Defendants will pay all named Plaintiffs a total incentive award of **$4,500.00** ($1,500 each);

- Defendants will pay named Plaintiffs Jonathon Russo and Sinae Cruz a total of **$5,000.00** for their individual ERISA claims;

- Defendants will pay Plaintiffs' attorneys' fees in the amount of **$67,945.00**; and

- Defendants will pay Plaintiffs' costs in the amount of **$20,893.93**.

- Defendants will pay the total settlement amount in three installment payments over an 18-month period.

The parties memorialized these terms in the Settlement Agreement attached as ***Exhibit A*** to the instant motion.

### IV. LEGAL ARGUMENT

    **a. The Legal Standard Supports Final Approval of the Settlement**

The law favors settlement in FLSA collective action cases. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). In this Circuit, parties may not privately settle FLSA cases without the involvement of the Secretary of Labor or the Court. *Id.* at 1352-44.

However, "when employees bring a private action for wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353 (internal citations omitted).  These restrictions are in place to ensure a settlement is not "a mere waiver of statutory rights brought about by an employer's overreaching," but rather, such as here, reflects a "reasonable compromise of disputed issues" resolving a "*bona fide* dispute" under the FLSA.  *Id*. at 1354.

In "determining whether the settlement is fair and reasonable" this Court considers the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of litigation; (3) the stage of proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.  *McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-60322-CIV, 2010 U.S. Dist. LEXIS 118489, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010) (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)); *see also Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n.*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994).

"When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair."  *Dail v. George A. Arab Inc.*, 391 F. Supp. 2d at 1146 (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).  Indeed, district courts in this circuit have stated, "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement" and that "[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable."  *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). The Settlement in this case is fair and reasonable under these factors, and the parties seek final approval from the Court.

### b. The Settlement is Fair and Reasonable.

#### i. There is no existence of fraud or collusion.

There is no fraud or collusion in this action. The Settlement is the culmination of arm's length negotiations between the parties, which has been hard-fought by competent counsel and determined parties on both sides. Both Plaintiffs and Defendants agree to the Settlement, voluntarily and knowingly, and the parties agree the Settlement is fair and reasonable based on the facts of the case and negotiations between the parties. *See Comstock v. Florida Metal Recycling, LLC*, No. 08-81190-CIV, 2009 WL 1586604, at *2 (S.D. Fla. June 5, 2009) (stating that "based upon counsel's representation that this outcome is fair in light of [the plaintiff's] probability of success on the merits and that the settlement was reached without coercion, collusion or undue influence, this Court is satisfied that the settlement agreement is a 'fair and reasonable' resolution of a bona fide dispute over Plaintiff's FLSA claims . . .") (internal citations omitted).

#### ii. The complexity, expense and length of litigation, especially considering the current stage of proceedings and the uncertainty of Plaintiffs' success on the merits, support approval of the Settlement.

Continuing the present action through trial, and any potential appeals, would be an expensive and lengthy process. Absent settlement, Defendants would continue to vigorously defend the case, and resolution could take years. Further litigation would require substantial discovery, briefing on dispositive motions, including briefing on Plaintiffs' Rule 23 claims. The remaining burden for the parties would be substantial as continued litigation would require resolution of complex issues at considerable time and expense. The Settlement is reasonable given the amounts involved and the numerous factual and legal disputes, and the possibility that, if the case had proceeded to trial, Plaintiffs may have collected little or nothing. Likewise, Defendants, who are experiencing significant financial difficulties, face the risk of additional damages, a class

action, and high attorneys' fees and costs. Given the risks and uncertainties of continued litigation, the Settlement is fair and reasonable. *See Rodriguez v. Cap World, Inc. of Florida*, 6:13-cv-1741-Orl-22GJK, 2014 WL 1378097, at *4 (M.D. Fla. April 8, 2014) (approving FLSA settlement after considering "1) the complexity, expense, and length of continued litigation of [the plaintiff's] claims; 2) the probability of success is uncertain; and 3) the range of possible recovery is uncertain").

> iii. *The Settlement is fair and reasonable when considering the range of possible recovery.*

Plaintiffs have determined that the Settlement is in their best interest and represents a fair resolution of this dispute. Plaintiffs alleged in the Complaint they were entitled to 11 to 25 minutes in unpaid off-the-clock work for each shift. In the Plaintiffs' depositions, their testimony asserted an estimated range of anywhere from 4 to 20 minutes of unpaid work per shift.

The parties' settlement to pay Plaintiffs in an amount equal to wages for 4 minutes of additional work per shift, at an overtime rate, *plus* 50% more in liquidated damages, reflects a fair and reasonable compromise of the pre- and post-shift work at issue in this case. Moreover, Plaintiffs who worked between April and September 2015 will receive additional damages for unpaid break time, *plus* 100% more in liquidated damages. Thus, Plaintiffs' recovery is not unreasonable. Defendants denied, and continue to deny, that Plaintiffs spend any pre- and post-shift time working off-the-clock, but agreed to compensate Plaintiffs for 4 minutes spent performing pre- and post-shift duties, respectively, which reflects compromise on both sides.

Plaintiffs also face the risk of recovering little or nothing at trial should this case not settle. Defendants claim significant financial difficulties, and Plaintiffs' counsel have corroborated Defendants' assertion through investigation and discovery. Further, even if Plaintiffs were to recover more at trial, any payment would be months or even years later following protracted

litigation and possible appeals. Because Plaintiffs "have plainly received a fair deal regarding the sums that were in controversy" when considering the range of recovery, the settlement is fair and reasonable. *Crabtree v. Volkert, Inc.*, No. CIV.A.11-0529-WS-B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). *See also King v. Wells Fargo Home Mortg.,* 2009 WL 2370640, *2 (M.D. Fla. July 30, 2009) ("Because the Plaintiff agreed to the settlement figure which was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.").

### iv. *Counsel for both parties agree the Settlement is fair and reasonable.*

Defendants are party to the Settlement and consent to this instant motion and the relief requested. Counsel for both parties exercised their experience based on an intimate knowledge of the facts of the case and legal issues facing the parties, including conducting an independent analysis of the strength and weakness of the claims, the value of the claims, the costs and expense of protracted litigation, discovery, trial, and appeals. Counsel believes the Settlement is fair and reasonable.

## V. AWARD OF ATTORNEYS' FEES AND COSTS

### A. Plaintiffs are the "Prevailing Party" and are Entitled to Payment of Their Attorneys' Fees and Costs

Pursuant to 29 U.S.C. §216(b), an award of attorneys' fees is mandatory to the prevailing plaintiff in any proceeding to enforce the overtime and minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*. This was a proceeding to enforce the provisions of the FLSA.

A prevailing plaintiff's attorneys' fee is mandatory. *See Weisel v. Singapore Joint Venture, Inc.,* 602 F 2d 1185 (5th Cir. 1979). In order to have "finally prevailed," a party must have obtained

either a judgment on the merits or reached a settlement agreement that was enforced through a consent decree. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Department of Health and Human Resources*, 532 U.S. 598, 607, 121 S. Ct. 1835, 149 L.Ed.2d 855 (2001). Plaintiffs will be the prevailing party in this case once the Court formally approves the proposed settlement and enters its final judgment.

The Eleventh Circuit has ruled that ". . . attorney fees are an ***integral part of the merits of FLSA cases and part of the relief sought therein***." *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir.1987) (emphasis added). The FLSA is a remedial statute that "'has been construed liberally to apply to the furthest reaches consistent with congressional direction.'" *Johnston v. Spacefone Corp.,* 706 F.2d 1178, 1182 (11th Cir.1983) (quoting *Mitchell v. Lublin, McGaughy & Assocs.,* 358 U.S. 207, 211, 79 S. Ct. 260, 264, 3 L.Ed.2d 243 (1959)). Courts have long recognized that to achieve the remedial goal of the FLSA, attorneys' fees must be awarded. Awarding employees' attorneys' fees is necessary to "provide an adequate economic incentive for private attorneys" to take FLSA cases and "thereby to ensure competent legal representation for legitimate claims." *Odil v. Evans*, 2005 WL 3591962, at *3 (M.D. Ga. 2005). The vast majority of FLSA claims deal with working class people who ordinarily would not have the financial resources to pay an attorney to pursue their overtime or minimum wage claims. This is especially true given that most FLSA claims do not involve significant amounts of money and often times the attorneys' fees are more than the FLSA claim itself. *See e.g.*, *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341 (S.D. Fl. May 14, 2007) (awarding attorney fees of $114,021 on a judgment of $3,493.62); *Wales v. Jack M. Berry, Inc.*, 192 F. Supp.2d 1313 (M.D. Fl. Dec. 21, 2001) (awarding attorney fees of $352,225.40 on an FLSA recovery of $21,000); *Lucio-Cantu v. Vela*, 239 Fed. Appx. 866 (5th Cir. 2007) (finding no abuse of discretion in award of $51,750 in attorney fees on a recovery of $4,679);

*Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 Fed. Appx. 341, 342 (5th Cir. 2007) (affirming attorney fees of and $129,805.50 on $23,357.30 in damages); *Holyfield v. F.P. Quinn & Co.*, No. 90 C 507, 1991 U.S. Dist. LEXIS 5293, 1991 WL 65928, at *1 (N.D. Ill. Apr. 22, 1991) (awarding $6,922.25 in attorney fees and costs on a judgment of $921, and noting that "[g]iven the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of the judgment in the case).

### B. The Lodestar Method

In order to calculate the fees that plaintiffs are entitled to, the court employs the "lodestar method" and multiplies the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 324 (5th Cir.1995). The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case. *See id.* Adjustments are to be made as necessary in the particular case. *See Blum v. Stenson,* 465 U.S. 886, 888 (1984); *Kreager v. Solomon & Flannagan, P.A.,* 775 F.2d 1541 (11th Cir. 1985); *Hendrick v. Hercules, Inc.,* 658 F.2d 1088 (5th Cir. 1981).

In considering a fee under a lodestar calculation, courts look to twelve factors, known as the *Johnson* factors, after *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974).[1] The factors are: (1) the time and labor required for the litigation; (2) the novelty and

---

[1] In evaluating the *Johnson* factors, courts have recognized that attorneys employed at larger firms, with the requisite larger overhead and/or those that handle nationwide class/collective actions generally should be awarded higher hourly rates than those at smaller firms, handling individual plaintiff cases. *See Davis v. Footbridge Engineering Services, LLC*, 2011 WL 3678928, at *4 (D. Mass. Aug. 22, 2011); *LV v. New York City Dept. of Educ.*, 2010 WL 1244287, at *3 (S.D.N.Y. March 31, 2010) (recognizing that the size of the law firm, "is one guidepost for the Court in assessing rates…"). Significantly, Sommers Schwartz, P.C. is a larger plaintiff's side law firm with approximately 40 attorneys, and it handles nationwide class/collective actions on a regular basis.

difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See id.* at 717-19; s*ee also Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988) (extensive discussion by the 11th Circuit of the *Johnson* factors and awarding fees).

    C.    **Application of the *Johnson* Factors**

Counsel for prevailing plaintiffs should be paid as is traditional with attorneys compensated by a fee paying client for all time reasonably expended on a matter. *See Blanchard v. Bergeron,* 489 U.S. 87, 91 (1989). The party seeking attorneys' fees bears the burden of documenting the appropriate hours expended. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.1995).

First, regarding the time and labor required for this litigation, Plaintiffs attached Declaration of Jesse L. Young, Esq. at ***Exhibit B***. The declaration contains a certification that the declarant has fully reviewed the time records that are the supporting data for the declaration and that the hours claimed are well grounded in fact and justified. The declaration of Mr. Young confirms the total hours incurred in litigating this case to date. The total hours up to the filing of this Motion are 368.1 attorney hours and 103.9 paralegal hours totaling a lodestar amount of $151,455.75. Additionally, Plaintiffs incurred taxable costs in this matter in the amount of $20,893.93.

This Court must first determine whether the fee applicant has satisfied the burden of

establishing that his requested hourly rates are reasonable. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1308 (11th Cir.1988). As noted below, case law regarding recent fee awards in FLSA cases generally supports a fee award well in excess of the amount requested in this case.

### D.     Recent Fee Awards in FLSA Cases

A survey of recent, similar FLSA cases reveals the following attorneys' fee rates awarded in the Southern District of Florida for similar cases provides useful information. Since 2010, there have been fee allowances from $175 to $325 per hour. *See e.g., Munoz v. Kobi Karp Arch. & Interior*, 2010 U.S. Dist. LEXIS 55986, *17 (S.D. Fla. May 13, 2010) (awarding rate of $300.00); *Estrada v. Alexim Trading Corp.*, 2012 U.S. Dist. LEXIS 138194, *24 (S.D. Fla. Sept. 26, 2012) (awarding rate of $325.00 to lead partner and $175.00 to the junior associate); *Rodriguez v. Super Shine & Detailing, Inc.*, No. 09-23051-CIV, 2012 U.S. Dist. LEXIS 80214, 2012 WL 2119865, at *3 (S.D. Fla. June 11, 2012) (awarding junior attorneys on an FLSA case hourly rates of $150.00 and $175.00); *Parets v. UnitedLex Corp.*, 2016 U.S. Dist. LEXIS 18388, *5 (S.D. Fla. Feb. 15, 2016) (awarding $325.00 for partner and $195.00 for associate); *Reppert v. Mint Leaf, Inc.*, 2013 U.S. Dist. LEXIS 17105, *12 (S.D. Fla. Jan. 31, 2013) (awarding $100.00 for paralegals).

### E.     Additional Johnson Factors

Courts have long recognized that to achieve the remedial goal of the FLSA, attorneys' fees *must* be awarded. Awarding employees their attorney's fees is necessary to "provide an adequate economic incentive for private attorneys" to take FLSA cases and "thereby to ensure competent legal representation for legitimate claims." *Odil v. Evans*, 2005 WL 3591962, *3 (M.D. Ga. 2005).

The vast majority of FLSA claims deal with working class people who ordinarily would not have the financial resources to pay an attorney to pursue their overtime or minimum wage claims. This is especially true given that most FLSA claims do not involve significant amounts of money and often times the attorneys' fees are more than the FLSA claim itself.

The instant case did not preclude Plaintiffs' Counsel from taking other cases. However, Plaintiffs' Counsel was able to handle the litigation in an efficient manner and voluntarily accepted a substantial reduction in fees in order to get the case settled for the Plaintiffs. The result is a negative lodestar. When the overall fee of $67,945 is divided up, the effective attorneys' fee rate equals an approximate average of $156 per hour ($57,555 / 368.1 hours) and the paralegals fee rate equals an approximate average of $100 per hour ($10,390 / 103.9 hours). These rates are well within the hourly rates typically approved by this Court.

## VI. THE INCENTIVE AWARD TO THE NAMED PLAINTIFFS IS REASONABLE.

The time an individual devotes to a lawsuit which inures to a common benefit warrants entitlement to an enhancement award above and beyond what the typical class member is receiving. *See Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1218 (S.D. Fla. 2006) (Although "the Eleventh Circuit has not expressly set forth guidelines for courts to use in determining incentive awards, there is ample precedent for awarding incentive compensation to class representatives at the conclusion of a successful class action."); *David v. American Suzuki Motor Corp.*, 2010 U.S. Dist. LEXIS 146073, *19 (S.D. Fla. Apr. 15, 2010) (awarding $5,000 and stating, "there is ample precedent for awarding incentive compensation to class representatives at the conclusion of a successful class action."); *Encarnacion v. J.W. Lee, Inc.*, 2015 U.S. Dist. LEXIS 144858, *17 (S.D. Fla. Oct. 22, 2015) (awarding incentive payments of $15,000 and $2,000 to FLSA named plaintiffs); *Chambers v. Groome Transp. of Ala., Inc.*, 2015 U.S. Dist. LEXIS

168653, *12 (M.D. Ala. Dec. 17, 2015) (awarding incentive payments in the amount of $2,000 each to FLSA named plaintiffs).

Here, in recognition of the services the named Plaintiffs rendered to the Class members, the Settlement Agreement provides an appropriate incentive award to each of the named Plaintiffs. Named Plaintiff expended substantial time and effort and worked closely with Plaintiffs' Counsel throughout this litigation in pursuing these claims on behalf of the Class members, including but not limited to: (a) taking on the risk of retaliation by their employer; (b) producing important documentation and other information to their attorneys; (c) repeatedly explaining to their attorneys the various factual issues applicable to the complex legal landscape in the case; (d) preparing for and being available during the all-day mediation conference and subsequent settlement negotiations; (e) responding to written discovery requests; and (f) preparing for and sitting for deposition.  Therefore, the $4,500 in incentive payments to named Plaintiffs ($1,500 each) is fair and reasonable and should be approved by the Court.

## VII.   CONCLUSION

For all the reasons presented above, this Court should approve the Settlement and the incentive award, award the requested attorneys' fees and costs, and dismiss the case with prejudice.

Dated:  August 15, 2016

*/s/Bradley W. Butcher*
Bradley W. Butcher, Esq.
Florida Bar No. 0020045
BUTCHER & ASSOCIATES, P.L.
6830 Porto Fino Circle, Suite 2
Fort Myers, Florida 33912
Phone:  (239) 332-1650
Fax:  (239) 322-1663
Primary:  ecf@b-a-law.com
Secondary:  bwb@b-a-law.com

*Local Counsel for Plaintiffs*

Jason J. Thompson *(Pending Pro Hac Vice)*

>MI Bar No. P47184
>Jesse L. Young *(Pending Pro Hac Vice)*
>MI Bar No. P72614
>SOMMERS SCHWARTZ, P.C.
>One Towne Square, Suite 1700
>Southfield, Michigan 48076
>248-355-0300
>jthompson@sommerspc.com
>jyoung@sommerspc.com
>
>Timothy J. Becker *(Pending Pro Hac Vice)*
>MN Bar No. 256663
>Jacob R. Rusch *(Pending Pro Hac Vice)*
>MN Bar No. 391892
>JOHNSON BECKER, PLLC
>33 South Sixth Street, Suite 4530
>Minneapolis, Minnesota 55402
>612-436-1800
>tbecker@johnsonbecker.com
>jrusch@johnsonbecker.com
>
>*Trial Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on August 15, 2016, I electronically filed the forgoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

>/s/ *Bradley W. Butcher*
>Bradley W. Butcher, Esq.
>Florida Bar No. 0020045
>BUTCHER & ASSOCIATES, P.L.
>6830 Porto Fino Circle, Suite 2
>Fort Myers, Florida 33912
>Phone:  (239) 332-1650
>Fax:  (239) 322-1663
>Primary:  ecf@b-a-law.com
>Secondary:  bwb@b-a-law.com
>*Local Counsel for Plaintiffs*