# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between, Laurie Kie, Jon Russo, and Sinae Cruz (the "Named Plaintiffs"), individually and on behalf of all individuals who filed consent forms to join this case as party plaintiffs ("Opt-in Plaintiffs"), together with their heirs, agents, estate, personal representatives, legal representatives, successors, and assigns (hereinafter collectively referred to as "Employees"), and iVox Solutions, LLC, a Florida Limited Liability Corporation, Christopher Stapleton, individually, and Robert Newton, individually, (collectively referred to as "Employer") together with their affiliates, subsidiaries, divisions, predecessors, partners, joint venturers, insurers, and reinsurers (as of the date hereof); their successors and assigns; and each of their past and present officers, directors, trustees, agents, employees, and attorneys (within their scope of employment, agency, or representation) (Employees and Employer are referred to collectively as the "Parties").

### I.   RECITALS

WHEREAS, on September 17, 2015, Named Plaintiff and her attorneys ("Class Counsel") commenced this lawsuit by filing a Collective/Class Action Complaint titled *Laurie Kie, et al v. iVox Solutions, LLC, et al,* Case No. 15-cv-14296, in the United States District Court for the Southern District of Florida (referred to herein as the "Action" or the "Litigation").  The Action pled Violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., Failure to Pay Overtime Wages (Count I); Breach of Contract (Count II); and Breach of Fiduciary Duties under the Employment Retirement Income Security Act of 1974 ("ERISA") (Counts III-V).

WHEREAS, Named Plaintiffs believe the claims settled herein have merit, but Named Plaintiffs and Class Counsel recognize and acknowledge the uncertain outcome and risk of any litigation. Named Plaintiffs and Class Counsel recognize the expense and length of continued proceedings necessary to prosecute the claims through trial, appeal, and ancillary actions as well as the difficulties and delay inherent in such litigation. They also believe the settlement set forth in this Settlement Agreement confers substantial benefits upon Named Plaintiffs and the Opt-in Plaintiffs.  Based upon their evaluation of all of the above, Named Plaintiffs and Class Counsel have determined the settlement set forth in this Settlement Agreement is in the best interest of Named Plaintiffs and the Opt-in Plaintiffs;

WHEREAS, the Parties desire to conclusively and finally resolve and settle all unpaid wage claims in controversy between Employer and Employees.

THE PARTIES HEREBY AGREE AND REPRESENT THAT, in consideration of the respective obligations and rights set forth herein between the Parties and other adequate consideration, the receipt and sufficiency of which is acknowledged, the Parties covenant and agree as follows:

## II. GENERAL SETTLEMENT TERMS

1. **Settlement & Disbursement:**

     1.1    **Nature of Settlement and Claims**.  This is a collective action settlement pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), for unpaid wage and overtime claims relating to Employer's alleged failure to compensate Employees for time spent working more than 40 hours per week. This settlement also includes two Named Plaintiffs' (Jon Russo and Sinae Cruz) claims for ERISA violations.

     1.2    **Scope of Settlement**.   Employees are current and former customer service representatives and sales agents who worked for Employer at some point between **August 14, 2012 through July 15, 2016** (the "Liability Period").  The Parties have used and relied on the Employer's employment records to formulate this settlement, and those records will be conclusive for purposes of determining: (a) whether an Employee worked for Employer as a customer service representative and/or sales agent during the Liability Period; and (b) the total number of workweeks in which the Employee worked during the Liability Period.

     1.3    **Settlement Amount**.   Employer will pay a total of One Hundred Forty-Five Thousand ($145,000.00) Dollars in resolution of this Litigation (the "Settlement Amount").  This sum includes resolution with all Employees currently joined in this Litigation, as well as any liability for costs and/or attorneys' fees, as follows:

        a.   $56,161.07 represents the amount available for payment to the Employees and shall be divided according to ***Exhibit 1*** to this agreement.

        b.   $88,838.93 represents compensation for reasonable attorneys' fees and litigation expenses incurred by Class Counsel in the course of prosecuting this action on behalf of the Employees.

     1.4    **Settlement Administration**.   Employer shall administer the Settlement Payments, including without limitation the preparation and mailing of payments and tax forms to Employees, and the preparation and issuance of all other documents and mailings related thereto.

     1.5    **Settlement Payment**.   Employer will pay the Settlement Amount in three separate payments ("Installment Payments"), as follows: Fifty Thousand Dollars and Zero Cents ($50,000.00) by **December 1, 2016**; Fifty Thousand Dollars and Zero Cents ($50,000.00) by **June 1, 2017**; Forty-five Thousand Dollars and Zero Cents ($45,000.00) by Employer by **December 1, 2017**. In the event this settlement is not approved by the Court until after the first Installment Payment is due, Employer will make the first Installment Payment as follows:

a. Within seven (7) calendar days of the Court's entry of an order approving this settlement, Employer will send the initial check by first-class U.S. Mail to each Class Member as set forth in *Exhibit A* for unpaid wages under the FLSA, which amount shall be subject to tax withholding and for which each Class Member will receive an IRS W-2 form.

b. Within seven (7) calendar days of the Court's entry of an order approving this settlement, Employer will also send the initial check by first-class U.S. Mail to each Class Member in an equal amount representing liquidated damages as set forth in *Exhibit A* for which no withholding shall be made and an IRS 1099 form shall be issued.

c. Within seven (7) calendar days of the Court's entry of an order approving this settlement, Employer will send the initial attorneys' fees/costs check as set forth in *Exhibit A*, by first-class U.S. Mail to Class Counsel for which an IRS 1099 form shall be issued.  The check shall be made payable to Sommers Schwartz, P.C. and sent to: Jesse L. Young, Esq., One Towne Square, Suite 1700, Southfield, MI 48076.

1.6 **Uncashed Checks**.  All checks issued to the Class Members will be valid for 180 days.  If any settlement checks are returned to Employer with a forwarding address for any Class Member, Employer will promptly send the check again by first-class U.S. Mail to the forwarding address provided.  In the event any checks are not cashed within 180 days of being first issued, those funds will revert back to Employer.

1.7 **Taxes**.  The Parties agree that, for tax purposes, 50% of the Installment Payments made to Employees shall be treated by the Parties as wages subject to appropriate payroll withholdings and shall be reported on an IRS Form W-2. The remaining 50% of such payments shall be treated by the Parties as additional, non-wage damages and interest, not subject to payroll withholdings, and shall be reported on an IRS Form 1099.  At the end of each tax year (2016 and 2017), Employer will issue to each Class Member an IRS Form W-2 and an IRS Form 1099 reflecting his/her payments.

1.8 **Service Awards**.  Employer shall pay to each Named Plaintiff a Service Award in the amount of **One Thousand Five Hundred Dollars and Zero Cents ($1,500.00)**, provided that each Named Plaintiff has submitted a timely and valid General Release, as further discussed below in Paragraphs 2.1 and 2.2.

1.9 **Attorneys' Fees and Costs**.  Employer agrees not to oppose an application by Class Counsel for attorneys' fees in the amount of **Sixty-Seven Thousand Nine Hundred Forty-Five Dollars and Zero Cents ($67,945.00)** and litigation expenses in the amount of **Twenty Thousand Eight Hundred Ninety-Three Dollars and Ninety-Three Cents ($20,893.93)**.  Such

payments shall cover all fees and costs of Class Counsel through the conclusion of the Action. This amount was the product of arms-length negotiation and was determined separate from, apart from, and after negotiations regarding the Settlement Payments for the benefit of the Employees.

**2.**     **Release of Employer:**

2.1     The Named Plaintiffs must submit a timely and valid General Release (substantially in the form attached hereto and incorporated herein as **Exhibit 2**).  Failure of Named Plaintiff to timely submit a fully executed General Release shall be deemed a waiver of that Named Plaintiff's right to a Service Award from the Settlement. This Release includes a release of claims for any unpaid wages and/or unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. during the Liability Period as described in Count I of the Action, for the period that the Claimant worked as  non-exempt employees, as well as all other known or unknown claims pursuant to the FLSA and ERISA against Employer and each of its affiliates, subsidiaries, divisions, predecessors, partners, joint venturers, insurers, and reinsurers (as of the date hereof); their successors and assigns; and each of their past and present officers, directors, trustees, agents, employees, and attorneys (within their scope of employment, agency, or representation).

2.2     Upon the Court's entry of an order approving this settlement, the Opt-in Plaintiffs shall be deemed to have, and by operation of the Court's order shall have, fully, finally and forever released, relinquished, and discharged all federal and state wage and hour claims against Employer. This release shall be construed as broadly as possible to effect complete finality over this Litigation involving the alleged claims herein.

**3.**     **Approval of Settlement**.   The Parties expressly agree and acknowledge that this Agreement is part of a global settlement of the Action, and that this Settlement Agreement is neither valid nor enforceable unless and until the Court enters a written order approving this settlement.   The Parties will attach this Settlement Agreement to the motion for settlement approval, and will explain the terms to the Court during any hearing to obtain approval of the settlement in the event that the Court schedules a hearing to determine its fairness.

**4**     **Opportunity to Negotiate, Consider and Consult with Counsel**.   In executing this Settlement Agreement, Named Plaintiffs have not relied on any representation, compromise, conduct, or action made or taken by or on behalf of Employer or Employer's attorneys.  Named Plaintiffs acknowledge they obtained the advice of competent counsel and agrees that they were given a reasonable period of time within which to consider this Settlement Agreement.  The Parties confirm: (a) that they have read this Agreement; (b) that they have had this Agreement explained to them by their attorneys; (c) that they are relying on their own judgment; (d) that they are relying on the advice of their respective attorneys; (e) that they are competent to understand and do hereby accept the terms and conditions of the Agreement; and (f) that the Parties have duly authorized execution of this Agreement by the signatories below and intend and agree to be bound by its terms.

**5.**    **No Admission of Liability:**  The Parties stipulate and agree that entry into this Settlement Agreement does not constitute, for any purpose whatsoever, either directly or indirectly, an admission of any liability whatsoever, and that Employer expressly denies any such liability. This Agreement represents the compromise of disputed and contingent claims.

**6.**    **Attorneys' Fees:**  The prevailing party in any suit or other legal proceeding to enforce this Settlement Agreement shall be entitled to recover from the individual person or entity who is the non-prevailing party any reasonable attorneys' fees, expert witness fees, costs of court, or other out-of-pocket expenses reasonably incurred in the course of such suit or other legal proceeding, including through appeal, if any.

**7.**    **Consent Judgment:**  Employer will execute a Consent Judgment in the full amount of the settlement ($145,000.00), including 7% simple interest and actual reasonable attorneys' fees incurred with effectuating and enforcing the judgment, with credit for all payments made. *See Exhibit 3*. The Consent Judgment will only be entered with 7 days' notice to Employer and failure to cure the default – which shall be deemed to occur upon failure of Employer to comply with any financial obligation under this Agreement.

**8.**    **No Changes to Agreement:**  No modifications or amendments to any of the terms, conditions, or provisions of this Agreement may be made except by a written agreement executed by all the signatories below, and any material changes shall be subject to approval by the Court.

**9.**    **Severability:**  This Agreement is deemed to be written jointly by the Parties and may not be construed against any one party as the drafter. If any provision(s) of this Agreement are held to be illegal, invalid, or unenforceable under present or future laws, any such provision(s) shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law. In that event, the remainder of this Agreement shall thereafter be construed and enforced as if such illegal, invalid, or unenforceable provision(s) had never comprised a part hereof. In such case, the remaining provision(s) of this Agreement shall continue in full force and effect and shall not be affected by any such illegal, invalid, or unenforceable provision(s) or by severance herefrom.

**10.**    **Effect of Waiver:**  The waiver by any party hereto of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach of any party, nor shall any waiver operate or be construed as a rescission of this Agreement. No breach of this Agreement shall permit the non-breaching party to repudiate this Agreement or refuse or fail to perform any obligation required hereunder.

**11.**    **Governing Law:**  The laws of the State of Florida shall govern the validity, construction, and enforcement of this Agreement.

**12.**    **Ownership of Claims & Disclosure of Liens:**  Employee represents and warrants that Employee has not sold, assigned, transferred, conveyed or otherwise disposed of to any third party, by operation of law or otherwise, any action, cause of action, debt, obligation, contract, agreement, covenant, guarantee, judgment, damage, claim, counterclaim, liability, or demand of any nature whatsoever, relating to any matter covered by this Agreement.

**13.**    **Multiple Originals:**  This Agreement may be executed by facsimile and in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument.

**14.**    **Cooperation:**  The Parties agree to promptly take all actions reasonably necessary to effectuate this Agreement, including but not limited to such motions to the Court for approval of this Agreement and continuance of any intervening deadlines contrary to those contemplated by this Agreement.

**15.**    **Timing:**  If any deadline under this Agreement falls on a Saturday, Sunday, or legal holiday, the Parties agree that the deadline will be deemed to be the next business day.

**ACKNOWLEDGED and AGREED by Named Plaintiffs:**

**Dated:** _____              _____
                                        **Laurie Kie**

**Dated:** _____              _____
                                        **Jonathon Russo**

**Dated:** _____              _____
                                        **Sinae Cruz**

**ACKNOWLEDGED and AGREED by iVox Solutions, LLC:**

**Dated:** _____              _____
                                        Name:

Page 6 of 7

_____
Title:


**ACKNOWLEDGED and AGREED by Individual Defendants:**


**Dated:** _____        _____
                                 **Robert Newton**


**Dated:** _____        _____
                                 **Christopher Stapleton**

# EXHIBIT 1

| Kie v. iVox Solutions | Service Award | ERISA Damages | FLSA Damages 2015 Pay Policy | FLSA Pre/Post Shift Back Pay | Total | Tax Treatment W-2 (back pay) | 1099 (liquidated) | December 2016 W-2 | 1099 | Atty Fees/Costs | June 2017 W-2 | 1099 | Atty Fees/Costs | December 2017 W-2 | 1099 | Atty Fees/Costs |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Named Plaintiffs** | | | | | | | | | | | | | | | | |
| Laurie Kie | $1,500.00 | $0.00 | $1,076.81 | $174.56 | $2,751.37 | $1,375.69 | $1,375.69 | $458.56 | $458.56 | $0.00 | $458.56 | $458.56 | $0.00 | $458.56 | $458.56 | $0.00 |
| Jonathon Russo | $1,500.00 | $1,394.38 | $840.82 | $624.75 | $4,359.95 | $2,179.98 | $2,179.98 | $726.66 | $726.66 | $0.00 | $726.66 | $726.66 | $0.00 | $726.66 | $726.66 | $0.00 |
| Sinae Cruz | $1,500.00 | $3,605.62 | $934.03 | $468.56 | $6,508.21 | $3,254.11 | $3,254.11 | $1,084.70 | $1,084.70 | $0.00 | $1,084.70 | $1,084.70 | $0.00 | $1,084.70 | $1,084.70 | $0.00 |
| **Opt-in Plaintiffs** | | | | | | | | | | | | | | | | |
| Kevin Abrams | $0.00 | $0.00 | $0.00 | $375.96 | $375.96 | $187.98 | $187.98 | $62.66 | $62.66 | $0.00 | $62.66 | $62.66 | $0.00 | $62.66 | $62.66 | $0.00 |
| Richard Ajemian | $0.00 | $0.00 | $318.46 | $248.06 | $566.52 | $283.26 | $283.26 | $94.42 | $94.42 | $0.00 | $94.42 | $94.42 | $0.00 | $94.42 | $94.42 | $0.00 |
| Adesha Asquith | $0.00 | $0.00 | $0.00 | $370.13 | $370.13 | $185.06 | $185.06 | $61.69 | $61.69 | $0.00 | $61.69 | $61.69 | $0.00 | $61.69 | $61.69 | $0.00 |
| Jocelyn Baker | $0.00 | $0.00 | $0.00 | $3.21 | $3.21 | $1.61 | $1.61 | $0.54 | $0.54 | $0.00 | $0.54 | $0.54 | $0.00 | $0.54 | $0.54 | $0.00 |
| Cheryl Blair | $0.00 | $0.00 | $0.00 | $94.50 | $94.50 | $47.25 | $47.25 | $15.75 | $15.75 | $0.00 | $15.75 | $15.75 | $0.00 | $15.75 | $15.75 | $0.00 |
| Cody Blair | $0.00 | $0.00 | $0.00 | $2.63 | $2.63 | $1.31 | $1.31 | $0.44 | $0.44 | $0.00 | $0.44 | $0.44 | $0.00 | $0.44 | $0.44 | $0.00 |
| Erik Briscoe | $0.00 | $0.00 | $656.22 | $359.63 | $1,015.85 | $507.92 | $507.92 | $169.31 | $169.31 | $0.00 | $169.31 | $169.31 | $0.00 | $169.31 | $169.31 | $0.00 |
| Alice Brown | $0.00 | $0.00 | $0.00 | $23.63 | $23.63 | $11.81 | $11.81 | $3.94 | $3.94 | $0.00 | $3.94 | $3.94 | $0.00 | $3.94 | $3.94 | $0.00 |
| Christopher Brown | $0.00 | $0.00 | $0.00 | $250.69 | $250.69 | $125.34 | $125.34 | $41.78 | $41.78 | $0.00 | $41.78 | $41.78 | $0.00 | $41.78 | $41.78 | $0.00 |
| Donovan Brown | $0.00 | $0.00 | $1,557.58 | $313.69 | $1,871.27 | $935.63 | $935.63 | $311.88 | $311.88 | $0.00 | $311.88 | $311.88 | $0.00 | $311.88 | $311.88 | $0.00 |
| Kasey Browning | $0.00 | $0.00 | $0.00 | $136.07 | $136.07 | $68.04 | $68.04 | $22.68 | $22.68 | $0.00 | $22.68 | $22.68 | $0.00 | $22.68 | $22.68 | $0.00 |
| Dwayneka Bryant | $0.00 | $0.00 | $1,767.57 | $315.00 | $2,082.57 | $1,041.29 | $1,041.29 | $347.10 | $347.10 | $0.00 | $347.10 | $347.10 | $0.00 | $347.10 | $347.10 | $0.00 |
| Maria Bryson | $0.00 | $0.00 | $0.00 | $32.81 | $32.81 | $16.41 | $16.41 | $5.47 | $5.47 | $0.00 | $5.47 | $5.47 | $0.00 | $5.47 | $5.47 | $0.00 |
| Stephen C. Bush | $0.00 | $0.00 | $0.00 | $326.81 | $326.81 | $163.41 | $163.41 | $54.47 | $54.47 | $0.00 | $54.47 | $54.47 | $0.00 | $54.47 | $54.47 | $0.00 |
| Guryrla Calixte | $0.00 | $0.00 | $0.00 | $379.50 | $379.50 | $189.75 | $189.75 | $63.25 | $63.25 | $0.00 | $63.25 | $63.25 | $0.00 | $63.25 | $63.25 | $0.00 |
| Linda Chavez-Ragland | $0.00 | $0.00 | $399.01 | $69.56 | $468.57 | $234.29 | $234.29 | $78.10 | $78.10 | $0.00 | $78.10 | $78.10 | $0.00 | $78.10 | $78.10 | $0.00 |
| Kathy Cher-Aime | $0.00 | $0.00 | $116.83 | $103.93 | $220.76 | $110.38 | $110.38 | $36.79 | $36.79 | $0.00 | $36.79 | $36.79 | $0.00 | $36.79 | $36.79 | $0.00 |
| Tamaya Cobb | $0.00 | $0.00 | $0.00 | $26.79 | $26.79 | $13.39 | $13.39 | $4.46 | $4.46 | $0.00 | $4.46 | $4.46 | $0.00 | $4.46 | $4.46 | $0.00 |
| Cheryl Collins | $0.00 | $0.00 | $530.35 | $333.38 | $863.73 | $431.86 | $431.86 | $143.95 | $143.95 | $0.00 | $143.95 | $143.95 | $0.00 | $143.95 | $143.95 | $0.00 |
| Chantz Cooper | $0.00 | $0.00 | $574.43 | $196.88 | $771.31 | $385.65 | $385.65 | $128.55 | $128.55 | $0.00 | $128.55 | $128.55 | $0.00 | $128.55 | $128.55 | $0.00 |
| Queston Cooper | $0.00 | $0.00 | $408.95 | $227.06 | $636.01 | $318.01 | $318.01 | $106.00 | $106.00 | $0.00 | $106.00 | $106.00 | $0.00 | $106.00 | $106.00 | $0.00 |
| Jason Corbiere | $0.00 | $0.00 | $0.00 | $199.18 | $199.18 | $99.59 | $99.59 | $33.20 | $33.20 | $0.00 | $33.20 | $33.20 | $0.00 | $33.20 | $33.20 | $0.00 |
| Miguel DeJesus-Vazquez | $0.00 | $0.00 | $0.00 | $186.38 | $186.38 | $93.19 | $93.19 | $31.06 | $31.06 | $0.00 | $31.06 | $31.06 | $0.00 | $31.06 | $31.06 | $0.00 |
| Augusto Da Giau | $0.00 | $0.00 | $49.78 | $27.56 | $77.34 | $38.67 | $38.67 | $12.89 | $12.89 | $0.00 | $12.89 | $12.89 | $0.00 | $12.89 | $12.89 | $0.00 |
| Jeffrey Davis | $0.00 | $0.00 | $0.00 | $496.18 | $496.18 | $248.09 | $248.09 | $82.70 | $82.70 | $0.00 | $82.70 | $82.70 | $0.00 | $82.70 | $82.70 | $0.00 |
| Marie Dauphine | $0.00 | $0.00 | $0.00 | $87.21 | $87.21 | $43.61 | $43.61 | $14.54 | $14.54 | $0.00 | $14.54 | $14.54 | $0.00 | $14.54 | $14.54 | $0.00 |
| Danielle Dennis | $0.00 | $0.00 | $182.36 | $0.00 | $182.36 | $91.18 | $91.18 | $30.39 | $30.39 | $0.00 | $30.39 | $30.39 | $0.00 | $30.39 | $30.39 | $0.00 |
| Melenda Dickenson | $0.00 | $0.00 | $0.00 | $333.38 | $333.38 | $166.69 | $166.69 | $55.56 | $55.56 | $0.00 | $55.56 | $55.56 | $0.00 | $55.56 | $55.56 | $0.00 |
| Samuel Dickstein | $0.00 | $0.00 | $0.00 | $416.06 | $416.06 | $208.03 | $208.03 | $69.34 | $69.34 | $0.00 | $69.34 | $69.34 | $0.00 | $69.34 | $69.34 | $0.00 |
| Taylor A. Dover | $0.00 | $0.00 | $182.53 | $77.44 | $259.97 | $129.98 | $129.98 | $43.33 | $43.33 | $0.00 | $43.33 | $43.33 | $0.00 | $43.33 | $43.33 | $0.00 |
| Roderick Drayton | $0.00 | $0.00 | $64.30 | $32.14 | $96.44 | $48.22 | $48.22 | $16.07 | $16.07 | $0.00 | $16.07 | $16.07 | $0.00 | $16.07 | $16.07 | $0.00 |
| Brad Dunlap | $0.00 | $0.00 | $0.00 | $161.44 | $161.44 | $80.72 | $80.72 | $26.91 | $26.91 | $0.00 | $26.91 | $26.91 | $0.00 | $26.91 | $26.91 | $0.00 |
| Taylor Eitman | $0.00 | $0.00 | $0.00 | $186.21 | $186.21 | $93.11 | $93.11 | $31.04 | $31.04 | $0.00 | $31.04 | $31.04 | $0.00 | $31.04 | $31.04 | $0.00 |
| Shawn Erickson | $0.00 | $0.00 | $0.00 | $280.71 | $280.71 | $140.36 | $140.36 | $46.79 | $46.79 | $0.00 | $46.79 | $46.79 | $0.00 | $46.79 | $46.79 | $0.00 |
| Danielle Felicies | $0.00 | $0.00 | $0.00 | $57.86 | $57.86 | $28.93 | $28.93 | $9.64 | $9.64 | $0.00 | $9.64 | $9.64 | $0.00 | $9.64 | $9.64 | $0.00 |
| Martha Fernandez | $0.00 | $0.00 | $0.00 | $1,278.38 | $1,278.38 | $639.19 | $639.19 | $213.06 | $213.06 | $0.00 | $213.06 | $213.06 | $0.00 | $213.06 | $213.06 | $0.00 |
| Gabrielle Fierro | $0.00 | $0.00 | $0.00 | $68.57 | $68.57 | $34.29 | $34.29 | $11.43 | $11.43 | $0.00 | $11.43 | $11.43 | $0.00 | $11.43 | $11.43 | $0.00 |
| Daisy Figueroa | $0.00 | $0.00 | $0.00 | $48.56 | $48.56 | $24.28 | $24.28 | $8.09 | $8.09 | $0.00 | $8.09 | $8.09 | $0.00 | $8.09 | $8.09 | $0.00 |
| Joshua Gitlen | $0.00 | $0.00 | $167.03 | $416.06 | $583.09 | $291.55 | $291.55 | $97.18 | $97.18 | $0.00 | $97.18 | $97.18 | $0.00 | $97.18 | $97.18 | $0.00 |
| Anthony Gizze | $0.00 | $0.00 | $476.49 | $704.81 | $1,181.30 | $590.65 | $590.65 | $196.88 | $196.88 | $0.00 | $196.88 | $196.88 | $0.00 | $196.88 | $196.88 | $0.00 |
| John Gizze | $0.00 | $0.00 | $0.00 | $186.38 | $186.38 | $93.19 | $93.19 | $31.06 | $31.06 | $0.00 | $31.06 | $31.06 | $0.00 | $31.06 | $31.06 | $0.00 |
| Matthew Glover | $0.00 | $0.00 | $0.00 | $507.94 | $507.94 | $253.97 | $253.97 | $84.66 | $84.66 | $0.00 | $84.66 | $84.66 | $0.00 | $84.66 | $84.66 | $0.00 |
| Emanuel Gonzalez | $0.00 | $0.00 | $304.57 | $86.63 | $391.20 | $195.60 | $195.60 | $65.20 | $65.20 | $0.00 | $65.20 | $65.20 | $0.00 | $65.20 | $65.20 | $0.00 |

| Name | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Carlos Graterol | $0.00 | $0.00 | $0.00 | $431.81 | $431.81 | $215.91 | $215.91 | $71.97 | $71.97 | $0.00 | $71.97 | $71.97 | $0.00 | $71.97 | $71.97 | $0.00 |
| Jennifer Griffen | $0.00 | $0.00 | $0.00 | $527.14 | $527.14 | $263.57 | $263.57 | $87.86 | $87.86 | $0.00 | $87.86 | $87.86 | $0.00 | $87.86 | $87.86 | $0.00 |
| Wendy Griffen | $0.00 | $0.00 | $0.00 | $527.14 | $527.14 | $263.57 | $263.57 | $87.86 | $87.86 | $0.00 | $87.86 | $87.86 | $0.00 | $87.86 | $87.86 | $0.00 |
| Ashley Hall | $0.00 | $0.00 | $37.82 | $737.63 | $775.45 | $387.72 | $387.72 | $129.24 | $129.24 | $0.00 | $129.24 | $129.24 | $0.00 | $129.24 | $129.24 | $0.00 |
| Monica Hamm | $0.00 | $0.00 | $0.00 | $274.61 | $274.61 | $137.30 | $137.30 | $45.77 | $45.77 | $0.00 | $45.77 | $45.77 | $0.00 | $45.77 | $45.77 | $0.00 |
| Amanda Jackson | $0.00 | $0.00 | $0.00 | $320.57 | $320.57 | $160.29 | $160.29 | $53.43 | $53.43 | $0.00 | $53.43 | $53.43 | $0.00 | $53.43 | $53.43 | $0.00 |
| Harry Jattan | $0.00 | $0.00 | $0.00 | $103.69 | $103.69 | $51.84 | $51.84 | $17.28 | $17.28 | $0.00 | $17.28 | $17.28 | $0.00 | $17.28 | $17.28 | $0.00 |
| Patrick Jaeger | $0.00 | $0.00 | $10.07 | $532.88 | $542.95 | $271.47 | $271.47 | $90.49 | $90.49 | $0.00 | $90.49 | $90.49 | $0.00 | $90.49 | $90.49 | $0.00 |
| Alexandra Jean-Pierre | $0.00 | $0.00 | $0.00 | $106.07 | $106.07 | $53.04 | $53.04 | $17.68 | $17.68 | $0.00 | $17.68 | $17.68 | $0.00 | $17.68 | $17.68 | $0.00 |
| Ashley Jones | $0.00 | $0.00 | $418.00 | $204.75 | $622.75 | $311.38 | $311.38 | $103.79 | $103.79 | $0.00 | $103.79 | $103.79 | $0.00 | $103.79 | $103.79 | $0.00 |
| Joseph Kelley | $0.00 | $0.00 | $0.00 | $442.31 | $442.31 | $221.16 | $221.16 | $73.72 | $73.72 | $0.00 | $73.72 | $73.72 | $0.00 | $73.72 | $73.72 | $0.00 |
| Nicholas Kelly | $0.00 | $0.00 | $0.00 | $107.63 | $107.63 | $53.81 | $53.81 | $17.94 | $17.94 | $0.00 | $17.94 | $17.94 | $0.00 | $17.94 | $17.94 | $0.00 |
| Frank LaPorta | $0.00 | $0.00 | $421.18 | $278.25 | $699.43 | $349.72 | $349.72 | $116.57 | $116.57 | $0.00 | $116.57 | $116.57 | $0.00 | $116.57 | $116.57 | $0.00 |
| Jacqueline Leach | $0.00 | $0.00 | $0.00 | $458.06 | $458.06 | $229.03 | $229.03 | $76.34 | $76.34 | $0.00 | $76.34 | $76.34 | $0.00 | $76.34 | $76.34 | $0.00 |
| Kathleen Lower | $0.00 | $0.00 | $0.00 | $32.81 | $32.81 | $16.41 | $16.41 | $5.47 | $5.47 | $0.00 | $5.47 | $5.47 | $0.00 | $5.47 | $5.47 | $0.00 |
| Carrie Lugo | $0.00 | $0.00 | $305.36 | $118.13 | $423.49 | $211.74 | $211.74 | $70.58 | $70.58 | $0.00 | $70.58 | $70.58 | $0.00 | $70.58 | $70.58 | $0.00 |
| Joseph W. MacMinn, III | $0.00 | $0.00 | $0.00 | $87.94 | $87.94 | $43.97 | $43.97 | $14.66 | $14.66 | $0.00 | $14.66 | $14.66 | $0.00 | $14.66 | $14.66 | $0.00 |
| Kenneth Miller | $0.00 | $0.00 | $0.00 | $64.31 | $64.31 | $32.16 | $32.16 | $10.72 | $10.72 | $0.00 | $10.72 | $10.72 | $0.00 | $10.72 | $10.72 | $0.00 |
| Rashieka Minondo | $0.00 | $0.00 | $0.00 | $276.96 | $276.96 | $138.48 | $138.48 | $46.16 | $46.16 | $0.00 | $46.16 | $46.16 | $0.00 | $46.16 | $46.16 | $0.00 |
| Lester Montana | $0.00 | $0.00 | $424.98 | $175.88 | $600.86 | $300.43 | $300.43 | $100.14 | $100.14 | $0.00 | $100.14 | $100.14 | $0.00 | $100.14 | $100.14 | $0.00 |
| Gregory Moore | $0.00 | $0.00 | $666.88 | $166.69 | $833.57 | $416.78 | $416.78 | $138.93 | $138.93 | $0.00 | $138.93 | $138.93 | $0.00 | $138.93 | $138.93 | $0.00 |
| Joshua Needle | $0.00 | $0.00 | $614.89 | $315.00 | $929.89 | $464.95 | $464.95 | $154.98 | $154.98 | $0.00 | $154.98 | $154.98 | $0.00 | $154.98 | $154.98 | $0.00 |
| Jillian O'Brien | $0.00 | $0.00 | $674.35 | $507.94 | $1,182.29 | $591.14 | $591.14 | $197.05 | $197.05 | $0.00 | $197.05 | $197.05 | $0.00 | $197.05 | $197.05 | $0.00 |
| Chiffon Oliver | $0.00 | $0.00 | $120.85 | $0.00 | $120.85 | $60.43 | $60.43 | $20.14 | $20.14 | $0.00 | $20.14 | $20.14 | $0.00 | $20.14 | $20.14 | $0.00 |
| Kaitlyn O'Reilly | $0.00 | $0.00 | $0.00 | $439.69 | $439.69 | $219.84 | $219.84 | $73.28 | $73.28 | $0.00 | $73.28 | $73.28 | $0.00 | $73.28 | $73.28 | $0.00 |
| Rolando Ortiz | $0.00 | $0.00 | $25.87 | $69.56 | $95.43 | $47.72 | $47.72 | $15.91 | $15.91 | $0.00 | $15.91 | $15.91 | $0.00 | $15.91 | $15.91 | $0.00 |
| Dominick Palmer | $0.00 | $0.00 | $0.00 | $304.50 | $304.50 | $152.25 | $152.25 | $50.75 | $50.75 | $0.00 | $50.75 | $50.75 | $0.00 | $50.75 | $50.75 | $0.00 |
| Rhonda Paulynice | $0.00 | $0.00 | $498.42 | $240.19 | $738.61 | $369.30 | $369.30 | $123.10 | $123.10 | $0.00 | $123.10 | $123.10 | $0.00 | $123.10 | $123.10 | $0.00 |
| Zachary Peters | $0.00 | $0.00 | $0.00 | $347.81 | $347.81 | $173.91 | $173.91 | $57.97 | $57.97 | $0.00 | $57.97 | $57.97 | $0.00 | $57.97 | $57.97 | $0.00 |
| Viodans Pierre | $0.00 | $0.00 | $0.00 | $214.29 | $214.29 | $107.14 | $107.14 | $35.71 | $35.71 | $0.00 | $35.71 | $35.71 | $0.00 | $35.71 | $35.71 | $0.00 |
| Kevin Poole | $0.00 | $0.00 | $296.90 | $1,098.56 | $1,395.46 | $697.73 | $697.73 | $232.58 | $232.58 | $0.00 | $232.58 | $232.58 | $0.00 | $232.58 | $232.58 | $0.00 |
| Briana Posner | $0.00 | $0.00 | $0.00 | $120.21 | $120.21 | $60.11 | $60.11 | $20.04 | $20.04 | $0.00 | $20.04 | $20.04 | $0.00 | $20.04 | $20.04 | $0.00 |
| Christopher Post | $0.00 | $0.00 | $0.00 | $35.36 | $35.36 | $17.68 | $17.68 | $5.89 | $5.89 | $0.00 | $5.89 | $5.89 | $0.00 | $5.89 | $5.89 | $0.00 |
| Kelly Prince | $0.00 | $0.00 | $0.00 | $69.56 | $69.56 | $34.78 | $34.78 | $11.59 | $11.59 | $0.00 | $11.59 | $11.59 | $0.00 | $11.59 | $11.59 | $0.00 |
| Matthew Rahim | $0.00 | $0.00 | $0.00 | $1.07 | $1.07 | $0.54 | $0.54 | $0.18 | $0.18 | $0.00 | $0.18 | $0.18 | $0.00 | $0.18 | $0.18 | $0.00 |
| Clarice Reith | $0.00 | $0.00 | $428.33 | $95.81 | $524.14 | $262.07 | $262.07 | $87.36 | $87.36 | $0.00 | $87.36 | $87.36 | $0.00 | $87.36 | $87.36 | $0.00 |
| Angela Ryals | $0.00 | $0.00 | $544.10 | $202.13 | $746.23 | $373.11 | $373.11 | $124.37 | $124.37 | $0.00 | $124.37 | $124.37 | $0.00 | $124.37 | $124.37 | $0.00 |
| Djenica Saintilus | $0.00 | $0.00 | $141.64 | $384.64 | $526.28 | $263.14 | $263.14 | $87.71 | $87.71 | $0.00 | $87.71 | $87.71 | $0.00 | $87.71 | $87.71 | $0.00 |
| Shakeem Samuels | $0.00 | $0.00 | $961.22 | $170.63 | $1,131.85 | $565.92 | $565.92 | $188.64 | $188.64 | $0.00 | $188.64 | $188.64 | $0.00 | $188.64 | $188.64 | $0.00 |
| Cathy Sandford | $0.00 | $0.00 | $0.00 | $42.00 | $42.00 | $21.00 | $21.00 | $7.00 | $7.00 | $0.00 | $7.00 | $7.00 | $0.00 | $7.00 | $7.00 | $0.00 |
| Romeo Santana | $0.00 | $0.00 | $0.00 | $1,039.50 | $1,039.50 | $519.75 | $519.75 | $173.25 | $173.25 | $0.00 | $173.25 | $173.25 | $0.00 | $173.25 | $173.25 | $0.00 |
| Kent Saunders | $0.00 | $0.00 | $0.00 | $241.50 | $241.50 | $120.75 | $120.75 | $40.25 | $40.25 | $0.00 | $40.25 | $40.25 | $0.00 | $40.25 | $40.25 | $0.00 |
| Jorge Silva | $0.00 | $0.00 | $0.00 | $588.00 | $588.00 | $294.00 | $294.00 | $98.00 | $98.00 | $0.00 | $98.00 | $98.00 | $0.00 | $98.00 | $98.00 | $0.00 |
| Dominique Simmons | $0.00 | $0.00 | $0.00 | $577.50 | $577.50 | $288.75 | $288.75 | $96.25 | $96.25 | $0.00 | $96.25 | $96.25 | $0.00 | $96.25 | $96.25 | $0.00 |
| Shontae Smith | $0.00 | $0.00 | $0.00 | $455.44 | $455.44 | $227.72 | $227.72 | $75.91 | $75.91 | $0.00 | $75.91 | $75.91 | $0.00 | $75.91 | $75.91 | $0.00 |
| Chandra Spires | $0.00 | $0.00 | $0.00 | $143.06 | $143.06 | $71.53 | $71.53 | $23.84 | $23.84 | $0.00 | $23.84 | $23.84 | $0.00 | $23.84 | $23.84 | $0.00 |
| Maggie St. Louis | $0.00 | $0.00 | $0.00 | $106.07 | $106.07 | $53.04 | $53.04 | $17.68 | $17.68 | $0.00 | $17.68 | $17.68 | $0.00 | $17.68 | $17.68 | $0.00 |
| Leroy Stennett, Jr. | $0.00 | $0.00 | $67.69 | $38.57 | $106.26 | $53.13 | $53.13 | $17.71 | $17.71 | $0.00 | $17.71 | $17.71 | $0.00 | $17.71 | $17.71 | $0.00 |
| Joanne Stewart | $0.00 | $0.00 | $0.00 | $434.44 | $434.44 | $217.22 | $217.22 | $72.41 | $72.41 | $0.00 | $72.41 | $72.41 | $0.00 | $72.41 | $72.41 | $0.00 |
| Marc Stotler, II | $0.00 | $0.00 | $0.00 | $637.88 | $637.88 | $318.94 | $318.94 | $106.31 | $106.31 | $0.00 | $106.31 | $106.31 | $0.00 | $106.31 | $106.31 | $0.00 |
| Daniel Texidor | $0.00 | $0.00 | $0.00 | $54.64 | $54.64 | $27.32 | $27.32 | $9.11 | $9.11 | $0.00 | $9.11 | $9.11 | $0.00 | $9.11 | $9.11 | $0.00 |
| Rebecca Vyterna | $0.00 | $0.00 | $0.00 | $1,077.56 | $1,077.56 | $538.78 | $538.78 | $179.59 | $179.59 | $0.00 | $179.59 | $179.59 | $0.00 | $179.59 | $179.59 | $0.00 |
| Kevin Walker | $0.00 | $0.00 | $0.00 | $7.50 | $7.50 | $3.75 | $3.75 | $1.25 | $1.25 | $0.00 | $1.25 | $1.25 | $0.00 | $1.25 | $1.25 | $0.00 |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Randall Walker | $0.00 | $0.00 | $36.80 | $260.46 | $297.26 | $148.63 | $148.63 | $49.54 | $49.54 | $0.00 | $49.54 | $49.54 | $0.00 | $49.54 | $49.54 | $0.00 |
| Evadney Williams | $0.00 | $0.00 | $2.12 | $83.57 | $85.69 | $42.85 | $42.85 | $14.28 | $14.28 | $0.00 | $14.28 | $14.28 | $0.00 | $14.28 | $14.28 | $0.00 |
| Henrell Wilson | $0.00 | $0.00 | $750.80 | $927.94 | $1,678.74 | $839.37 | $839.37 | $279.79 | $279.79 | $0.00 | $279.79 | $279.79 | $0.00 | $279.79 | $279.79 | $0.00 |
| | | | | | | | | | | $31,279.64 | | | $31,279.64 | | | $26,279.64 |
| **TOTALS** | $4,500.00 | $5,000.00 | $18,056.39 | $28,604.68 | $56,161.07 | $56,161.07 | | $9,360.18 | $9,360.18 | $31,279.64 | $9,360.18 | $9,360.18 | $31,279.64 | $9,360.18 | $9,360.18 | $26,279.64 |
| | | | | | | | | $145,000.00 | | | | | | | | |

# EXHIBIT 2

## **GENERAL RELEASE**

1.  **Release of Claims**. Named Plaintiff, **Laurie Kie**, knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, Defendants (also referred to in this Release as "the Released Parties"), of and from any and all claims, known and unknown, asserted and unasserted, which she has or may have against the Released Parties as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- The Age Discrimination in Employment Act; as amended;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Family and Medical Leave Act of 1993, as amended;
- The Immigration Reform and Control Act, as amended;
- The Fair Labor Standards Act, as amended;
- The Equal Pay Act, as amended;
- The Americans with Disabilities Act, as amended;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- Employee Retirement Income Security Act (ERISA);
- Racketeer Influenced and Corrupt Organizations Act (RICO);
- The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
- The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
- The Florida Minimum Wage Act - Fla. Stat. §448.110;
- Any and all Florida laws relating to the payment of wages;
- Florida Stat. §448.08;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law; and
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

The parties acknowledge that this Agreement shall not apply to rights or claims that may arise after this Agreement has been signed. Additionally, nothing in this paragraph or in the Agreement is intended to limit or restrict any rights that cannot, by express and unequivocal terms of law, be limited, waived, or extinguished.  Acknowledging the foregoing, Laurie Kie understands and agrees that she is releasing all of the Released Parties from any and all claims, and giving up the opportunity to recover any compensation, damages, or any other form of relief in any proceeding brought by her or on her behalf.

**2. The ADEA**. In compliance with the requirements of the Age Discrimination in Employment Act (ADEA), as amended by the Older Worker Benefit Protection Act of 1990, you acknowledge

by your signature below and the initialing of all pages of this Agreement that you have read and understood this Agreement and specifically understand the following:

        A.     That you may consult with an attorney before signing this Agreement, that you are being encouraged to consult with an attorney and that you in fact did consult with an attorney;

        B.     That you had adequate time to consider the terms of this Agreement and that you understand the terms and, by signing this Agreement, you consent to same;

        C.     That you are releasing Defendants from, among other things, any claim which you might have against Defendants pursuant to the ADEA, as amended by the Older Worker's Benefit Protection Act of 1990; and

        D.     That this Agreement does not cover the rights or claims that may arise under the ADEA after the date of execution of this Agreement.

        E.     That you have been given a period of up to 21 days in which to consider this Agreement and Waiver; and

        F.     That you may revoke this Agreement and Waiver during the seven (7) day period following the execution of this Agreement and Waiver.  Accordingly, this Agreement and Waiver will not become binding and effective until the seven (7) day revocation period has expired.

        IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and General Release as of the date(s) set forth below.

**ACKNOWLEDGED and AGREED by:**

**Dated: _____**          _____

                                      **Laurie Kie**

## GENERAL RELEASE

1. **Release of Claims**. Named Plaintiff, **Jonathon Russo**, knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, Defendants (also referred to in this Release as "the Released Parties"), of and from any and all claims, known and unknown, asserted and unasserted, which he has or may have against the Released Parties as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- The Age Discrimination in Employment Act; as amended;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Family and Medical Leave Act of 1993, as amended;
- The Immigration Reform and Control Act, as amended;
- The Fair Labor Standards Act, as amended;
- The Equal Pay Act, as amended;
- The Americans with Disabilities Act, as amended;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- Employee Retirement Income Security Act (ERISA);
- Racketeer Influenced and Corrupt Organizations Act (RICO);
- The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
- The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
- The Florida Minimum Wage Act - Fla. Stat. §448.110;
- Any and all Florida laws relating to the payment of wages;
- Florida Stat. §448.08;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law; and
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

The parties acknowledge that this Agreement shall not apply to rights or claims that may arise after this Agreement has been signed. Additionally, nothing in this paragraph or in the Agreement is intended to limit or restrict any rights that cannot, by express and unequivocal terms of law, be limited, waived, or extinguished.  Acknowledging the foregoing, Jonathon Russo understands and agrees that he is releasing all of the Released Parties from any and all claims, and giving up the opportunity to recover any compensation, damages, or any other form of relief in any proceeding brought by him or on his behalf.

**2. The ADEA**. In compliance with the requirements of the Age Discrimination in Employment Act (ADEA), as amended by the Older Worker Benefit Protection Act of 1990, you acknowledge

by your signature below and the initialing of all pages of this Agreement that you have read and understood this Agreement and specifically understand the following:

G.    That you may consult with an attorney before signing this Agreement, that you are being encouraged to consult with an attorney and that you in fact did consult with an attorney;

H.    That you had adequate time to consider the terms of this Agreement and that you understand the terms and, by signing this Agreement, you consent to same;

I.    That you are releasing Defendants from, among other things, any claim which you might have against Defendants pursuant to the ADEA, as amended by the Older Worker's Benefit Protection Act of 1990; and

J.    That this Agreement does not cover the rights or claims that may arise under the ADEA after the date of execution of this Agreement.

K.    That you have been given a period of up to 21 days in which to consider this Agreement and Waiver; and

L.    That you may revoke this Agreement and Waiver during the seven (7) day period following the execution of this Agreement and Waiver.  Accordingly, this Agreement and Waiver will not become binding and effective until the seven (7) day revocation period has expired.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and General Release as of the date(s) set forth below.

**ACKNOWLEDGED and AGREED by:**

**Dated:  _____**          _____
                                      **Jonathon Russo**

## **<u>GENERAL RELEASE</u>**

1.  **<u>Release of Claims</u>**. Named Plaintiff, **Sinae Cruz**, knowingly and voluntarily releases and forever discharges, to the full extent permitted by law, Defendants (also referred to in this Release as "the Released Parties"), of and from any and all claims, known and unknown, asserted and unasserted, which she has or may have against the Released Parties as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- The Age Discrimination in Employment Act; as amended;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Family and Medical Leave Act of 1993, as amended;
- The Immigration Reform and Control Act, as amended;
- The Fair Labor Standards Act, as amended;
- The Equal Pay Act, as amended;
- The Americans with Disabilities Act, as amended;
- The Workers Adjustment and Retraining Notification Act, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- Employee Retirement Income Security Act (ERISA);
- Racketeer Influenced and Corrupt Organizations Act (RICO);
- The Florida Civil Rights Act – Fla. Stat. §760.01 et seq.;
- The Florida Whistle Blower Act – Fla. Stat. §448.101 et seq.;
- The Florida Minimum Wage Act - Fla. Stat. §448.110;
- Any and all Florida laws relating to the payment of wages;
- Florida Stat. §448.08;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law; and
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

The parties acknowledge that this Agreement shall not apply to rights or claims that may arise after this Agreement has been signed. Additionally, nothing in this paragraph or in the Agreement is intended to limit or restrict any rights that cannot, by express and unequivocal terms of law, be limited, waived, or extinguished.  Acknowledging the foregoing, Sinae Cruz understands and agrees that she is releasing all of the Released Parties from any and all claims, and giving up the opportunity to recover any compensation, damages, or any other form of relief in any proceeding brought by her or on her behalf.

**2. The ADEA**. In compliance with the requirements of the Age Discrimination in Employment Act (ADEA), as amended by the Older Worker Benefit Protection Act of 1990, you acknowledge

by your signature below and the initialing of all pages of this Agreement that you have read and understood this Agreement and specifically understand the following:

        M.     That you may consult with an attorney before signing this Agreement, that you are being encouraged to consult with an attorney and that you in fact did consult with an attorney;

        N.     That you had adequate time to consider the terms of this Agreement and that you understand the terms and, by signing this Agreement, you consent to same;

        O.     That you are releasing Defendants from, among other things, any claim which you might have against Defendants pursuant to the ADEA, as amended by the Older Worker's Benefit Protection Act of 1990; and

        P.     That this Agreement does not cover the rights or claims that may arise under the ADEA after the date of execution of this Agreement.

        Q.     That you have been given a period of up to 21 days in which to consider this Agreement and Waiver; and

        R.     That you may revoke this Agreement and Waiver during the seven (7) day period following the execution of this Agreement and Waiver.  Accordingly, this Agreement and Waiver will not become binding and effective until the seven (7) day revocation period has expired.

        IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and General Release as of the date(s) set forth below.

**ACKNOWLEDGED and AGREED by:**

**Dated:** _____

                                                 **Sinae Cruz**

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Pierce Division**

| | |
|---|---|
| **LAURIE KIE, JONATHON RUSSO** and **SINAE CRUZ,** individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**IVOX SOLUTIONS, LLC,** a Florida Limited Liability Company, **ROBERT NEWTON,** an individual, and **CHRISTOPHER STAPLETON**, an individual,<br><br>Defendants. | **CIVIL ACTION**<br><br>**Case No. 2:15-cv-14296-RLB**<br><br>**Judge: Robin L. Rosenberg**<br><br>**Mag. Judge: Frank J. Lynch, Jr.** |

## CONSENT JUDGMENT

This matter having come before the Court upon the consent and stipulation of Laurie Kie, Jonathon Russo, Sinae Cruz, individually and on behalf of all opt-in plaintiffs ("Plaintiffs") and Defendants, iVox Solutions, LLC, Robert Newton, and Christopher Stapleton ("Defendants") (collectively the "Parties"), who state as follows:

WHEREAS, Plaintiffs filed a Complaint in the above matter;

WHEREAS, in order to resolve the Complaint, the Parties entered into a Settlement Agreement ("Settlement Agreement") calling for periodic installment payments by Defendants to Plaintiffs;

WHEREAS, Plaintiffs certify that Defendants defaulted in their payment obligations under the Settlement Agreement;

WHEREAS, Plaintiffs certify that they provided Defendants with seven (7) days' notice of their intent to enter this Consent Judgment and Defendants failed to cure the Default;

WHEREAS, the Parties have agreed that, upon the occurrence of a Default under the Settlement Agreement, and Defendants' failure to cure the Default within seven (7) days, Plaintiffs are entitled to enter this Consent Judgment.

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that a Judgment is entered for Plaintiffs against Defendants as follows:

- A principal debt of One Hundred Forty-Five Thousand Dollars ($145,000.00), less all amounts paid by Defendants to Plaintiffs and Class Counsel under the terms of the Settlement Agreement; plus

- $_____ consisting of 7% simple interest; plus

- $_____ in actual reasonable attorneys' fees and costs incurred with effectuating and enforcing the judgment.

IT IS SO ORDERED AND ADJUDGED

Dated: _____          _____
                                                Hon. Robin L. Rosenberg
                                                United States District Court Judge

The Parties further acknowledge that they have read and understand all provisions of this Consent Judgment and by their signatures below consent to entry of this Consent Judgment as to form and content, pursuant to the terms of the above-referenced Settlement Agreement.

**ACKNOWLEDGED and AGREED by iVox Solutions, LLC:**

Dated: _____                    _____

                                           Name: _____

                                           _____

                                           Title: _____

**ACKNOWLEDGED and AGREED by Individual Defendants:**

Dated: _____                    _____

                                           Robert Newton

Dated: _____                    _____

                                           Christopher Stapleton

**REVIEWED AND AGREED TO BY:**

Sommers Schwartz, P.C.                     Scott Wagner & Associates, P.A.

By: /s/*Jesse L. Young*_____            By: /s/*Cathleen Scott*_____
Jesse L. Young (P72614)                    Cathleen Scott (FL Bar No. 135331)
Attorneys for Plaintiffs                   Attorneys for Defendants
One Towne Square, Suite 1700               250 South Central Blvd.
Southfield, MI  48076                      Jupiter, FL  33458
(248) 355-0300                             Telephone: (561) 653-0008
jyoung@sommerspc.com                       CScott@scottwagnerlaw.com